IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                         1:93-cr-00180-LAK-8

ABDUL HAKIM MURAD

MOTION FOR APPOINTMENT OF COUNSEL
FOR PURPOSES OF HELPING PETITIONER PREPARE A MOTION
FOR COMPASSIONATE RELEASE

Petitioner, Abdul Hakim Murad, pro se (hereinafter Petitioner), respectfully moves this Honorable Court for appointment of counsel to help him prepare a motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), and in support hereof avers as follows:

BACKGROUND

On February 4, 1996, Petitioner was indicted for various crimes relating to conspiracy to bomb United States airlines in South East Asia in 1994 and 1995, and convicted of the same by a jury on September 5, 1996.

On May 15, 1998, Petitioner was sentenced principally to life imprisonment on counts Twelve through Sixteen, plus two 30-year sentences for counts Seventeen and Eighteen, to be served consecutively.

PROOF OF EXHAUSTION

Prior to the passage of the First Step Act of 2018, federal courts lacked the power to adjudicate motions for compassionate

1

release. Now, however, a "court...may reduce the term of imprisonment" upon request by an inmate. 18 U.S.C. §3582(c)(1)(A). In the words of the statute, courts may hear requests:

> upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the Buruea of Prisons to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier... Id.

Petitioner has satisfied the exhaustion requirements of the First Step Act by submitting a request to the warden of his institution (i.e., USP Victorville in California) on January 17, 2023, and waiting 30 days for a response before filing this present motion for appointment of counsel.

## PETITIONER'S REASON FOR SEEKING APPOINTMENT OF COUNSEL

1. Petitioner has recently been made aware of the fact that this Honorable Court recently appointed counsel to represent Eyad Ismoil in a compassionate release motion, and Petitioner prays that, in the interest of justice, this Honorable Court also appoint the same counsel to help Petitioner prepare a compassionate release motion.

2. Like Nidal Ayyad and Eyad Ismoil, Petitioner was convicted of two counts of 18 U.S.C. §924(c) (i.e., counts Seventeen and Eighteen of his indictment) in connection with a conspiracy charge. Unlike Nidal Ayyad and Eyad Ismoil, however, Petitioner did not benefit from the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), which struck down the residual clause of 924(c). See Salameh/Ayyad v. United States, 2020 U.S. Dist. Lexis 110662 (S.D.N.Y., 6/24/20)(government conceding that a 924(c)

2

conviction predicated on conspiracy to attack World Trade Center, under Davis, is not a crime of violence since a conspiracy does not satisfy the Elements Clause of 924(c)).

Petitioner did attempt to file a Johnson/Davis issue with this Court, but the motion that another inmate prepared for him was missing from his property when he was transferred from CMU Marion to Terre Haute in 2019. And Petitioner failed to find another inmate who could help him prepare a Johnson/Davis motion before the one-year deadline for filing such claims in a 2255 proceeding, expired.

3. In light of the fact that Petitioner was also convicted of various attempt crimes, he believes that he may also be entitled to relief under United States v. Taylor, 2022 U.S. Lexis 3017 (2021) (holding that attempt to commit Hobbs Act robbery is not a crime of violence, since attempt crimes can be committed without the level of force required by 924(c)'s Force Clause).

4. The First Step Act of 2018 clarified that the 25 year enhancement for a second 924(c) conviction applies only to repeat offenders -- i.e., to a defendant who completed his sentence for a 924(c) conviction, was released back to society, and committed the same crime again. Petitioner does not fall into this category, and has not intention of ever falling into this category were he ever released from prison. Petitioner is unaware, however, if this provision benefits him in light of the now proposed guidelines that were recently promulgated by the United States Sentencing Commission, specifically , U.S.S.G. §1B1.13(b)(6) and (c), which, if unopposed by Congress and enacted into law on November 1, 2023, would allow

3

a judge to consider as an extraordinary and compelling reason warranting a sentencing reduction, changes in the law that would "produce a gross sentencing disparity between the sentence being served and the sentenced likely to be imposed at the time the motion is filed."; and/or (c) if a defendant establishes that extraordinary and compelling reasons warrant a sentence reduction.

5. Under the United States Sentencing Commission's new proposed guidelines, specifically, U.S.S.G. §1B1.13(6)(4)(B), inmates would also be authorized to seek a reduced sentence if they were a victim of physical abuse by a BOP employee or other officer of the law, if, among other things, that employee's misconduct was established by a finding in an administrative proceeding. In 1998, several Bureau of Prison employees physically attacked Petitioner after one of the officers attempted to humiliate Petitioner by forcing him to wear a pair of boxers that were made for someone four or five times wider than Petitioner. When Petitioner asked for a smaller pair of boxers and was denied the same, he tied a string around the boxers to prevent them from falling off of Petitioner's waist. And for this Petitioner was physically attacked by the officers in question. Petitioner did raise a complaint with the proper authorities, and those authorities did find that the officers were guilty of assaulting Petitioner, for which reason Petitioner believes a reduction in his sentence may be warranted under the provision in question. (Petitioner was also subjected to torture -- water boardings and other forms of abuse -- shortly after his arrest, by officers in South East Asia, presumably at the behest of United States agents. For which reason a sentence reduction in his case may also be warranted under the new proposed guidelines.)

4

Petitioner has been in prison for nearly 30 years and has spent much of that time in isolation units, and, despite the hardships, Petitioner has avoided engaging in any type of conduct that would suggest, as do his charges of roughly 30 years ago, that he is a danger to society. Petitioner is not a danger to society and prays for the opportunity to demonstrate as much. Petitioner is aware that rehabilitation alone may not constitute an extraordinary and compelling reason for purposes of compassionate release, but it may be considered in connection with other reasons Petitioner mentioned herein and that appointed counsel may yet discover. Wherefore, Petitioner prays this Honorable Court to appoint Petitioner counsel -- the same attorney Eyad Ismoil received, if possible -- so that a professionally drafted motion for compassionate release may be prepared and submitted to this Court on Petitioner's behalf.

Respectfully submitted,

_____
Abdul Hakim Murad

Under penalty of perjury, I, Abdul Hakim Murad, hereby declares that the foregoing is true and correct to the best of my knowledge and ability.

_____
Abdul Hakim Murad

PS: Please see exhibit A attached hereto, consisting of Petitioner's proof that he exhausted his administrative remedies as required by 18 U.S.C.§3582(c)(1)(A)(i).

5

EXHIBIT A

TRULINCS 37437054 - MURAD, ABDUL HAKIM - Unit: VIP-F-A

----------------------------------------------------------------------------------------

FROM: USP Associate Warden
TO: 37437054
SUBJECT: RE:***Inmate to Staff Message***
DATE: 01/18/2023 10:02:03 AM

Good morning,

Your request has been forwarded to the RIS Coordinator to be processed.

Thank you.

---

From: ~^! MURAD, ~^!ABDUL HAKIM <37437054@inmatemessage.com>
Sent: Tuesday, January 17, 2023 6:59 AM
Subject: ***Request to Staff*** MURAD, ABDUL, Reg# 37437054, VIP-F-A

To: Please forward to Warden's Office
Inmate Work Assignment: n/a

Please Forward to Warden's Office,

 I respectfully request that your office assist and with my compassionate release documentation, this request is base off the United States Congress 2018 First Step Act, that clearly states I can go to your office for this assistance. I do not understand how to write or read English that well nor do I understand American law to write my own compassionate release. The Congress passed in the bill that someone in my position could request this help and I respectfully request your assistance. I believe I have several legal issue that were not address correct "stacking and incorrect indictment based on charges". I ask your office to investigate this matter and file my compassionate release based on these issues and anything that your office find during the progress of your investigation.

Abdul Hakim Murad
Reg. No. 37437-054
USP Victorville
PO Box 3900
Adelanto, CA 92301

April 18, 2023

Office of the Clerk
United States District Court
Southern District of New York

RE: USA v. MURAD
1:93-cr-00180-LAK-8

Dear Clerk of Court:

Enclosed please find a motion for appointment of counsel for compassionate release purposes. Please file the same. Thank you.

Sincerely,

/s/ Murad

Abdul Hakim Murad

Dear Clerk of Court

Please file stamp this to my docket record and send copy back to me for my personal record.

Thank in advance

*Murad*

Reg# 37437-054

CERTIFIED MAIL

7020 0090 0000 1350 8964

Abdul Hakim Murad #37437-054
United States Penitentiary Victorville
P.O. Box 3900
Adelanto, CA 92301

Criminal Docketing
United States Courthouse
District Clerk
500 Pearl St.
New York, NY 10007

RECEIVED
MAY 08 2023
CLERK'S OFFICE
S.D.N.Y.